IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MORTGAGE SOLUTIONS LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07-CV-01623 |
| | ) | |
| MISSOURI MORTGAGE | ) | |
| SOLUTIONS, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DAVID M. STREB | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

Plaintiff and Defendants, pursuant to Federal Rule of Civil Procedure 26(c), stipulate to the entry of this Protective Order:

1. Documents, deposition testimony, deposition exhibits, interrogatory responses, admissions, expert reports, and any other information disclosed in connection with this action ("Material") by any party or nonparty witness (the "Producing Party") to any receiving party ("Receiving Party") may contain confidential or proprietary information and shall be used by the Receiving Party solely for the purpose of this litigation and shall not be used in connection with any other action or for any other purpose.

**Designation of Confidential Material**

2. Any Producing Party may designate any Material as "Confidential" if the Producing Party believes, in good faith that such Material contains non-public, confidential, proprietary, trade secret, or commercially sensitive information that requires the protections

provided for in this Stipulated Order ("Confidential Material").

3. All Confidential Material and copies thereof shall be marked by the Producing Party on each page thereof with the legend "CONFIDENTIAL" at the time the documents are made available for examination and when copies are produced to any party (a "Receiving Party"). Any deposition or portion of a deposition or other testimony or deposition exhibits may be designated as Confidential Material in advance of the taking of the testimony, at the deposition or by sending a written notice within twenty-one (21) days of receipt of the transcript of the deposition, designating all or a portion of the transcript as Confidential Material.

4. Deposition testimony which is designated as Confidential Material in advance, shall be separately bound and the cover page shall bear the legend:

"CONFIDENTIAL - THIS PORTION OF THIS TRANSCRIPT CONTAINS INFORMATION THAT HAS BEEN DESIGNATED CONFIDENTIAL PURSUANT TO A PROTECTIVE ORDER IN THIS ACTION"

Deponents shall not retain or copy portions of the transcripts of their deposition or deposition exhibits that contain Confidential Material not provided by them or the entities they represent.

**Disclosure of Confidential Material**

5. Confidential Material may be disclosed to the following persons only upon the conditions set forth herein for the disclosure, treatment and use of Confidential Material and only if they agree to be bound by this Stipulated Protective Order:

(a) the undersigned attorneys for the purposes of the within action including their associated attorneys and secretarial, paralegal, clerical and other employees employed in the preparation and trial of this action. Execution of this Stipulated Protective Order by the undersigned attorneys shall be deemed binding upon such attorneys and employees.

(b)     the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this case action or any appeal therefrom;

(c)     any party or any director, officer or employee of a party, including in-house counsel, who is required by such party to work on this action;

(d)     outside consultants or experts (other than an accounting firm as set out in (e) below) retained by the Receiving Party in this litigation who are not employees of the non-Producing Party or its affiliates, and who do not have any subsisting or ongoing employment or retainer relationship with the Producing Party. Such outside consultants and experts shall agree to be bound by this Protective Order to the same extent as if they were a party to this agreement and shall not use the Producing Party's Confidential Material (i) for the benefit of the non-Producing Party other than in connection with this litigation, or (ii) for the benefit of any other persons or corporations. No party shall disclose any Confidential Material to any such consultant or expert unless it first secures his or her commitment to be bound by this Protective Order;

(e)     outside certified public accounting firms retained by the non-Producing Party to provide assistance in this case, and necessary clerical and administrative assistants employed or supervised by such firms, who are not employees of the non-Producing Party or its affiliates, and who do not have any subsisting or ongoing employment retainer relationship with the Producing Party. No party shall disclose any Confidential Material to any firm unless it first secures its commitment to be bound by this Protective Order;

(f)     any witness testifying in a deposition in this case, regardless of the current status of his or her employment, if: (a) the witness is listed as an author or recipient on the face of the Confidential Material; (b) the lawyer disclosing such Confidential Material has a good-

faith reasonable belief based upon the witness' testimony that the witness has had previous access to the Confidential Material; or (c) the parties agree that the witness may have access to the Confidential Material. If the basis of the disclosure is (b) above, then immediately after the disclosure, the lawyer disclosing such Confidential Material must make a preliminary inquiry with respect to the witness' previous access to such Item, and if it becomes apparent on such further inquiry that the witness has not had previous access to such item, the Item shall be withdrawn, and no further inquiry as to the specifics of the Item shall be permitted.

(g) any other person to which the Producing Party and Receiving Party of the Confidential Material agree in writing.

6. Prior to the disclosure of Confidential Material to any person listed in Paragraph 5 hereof, the attorney making any disclosure shall advise that person that, pursuant to this Stipulated Protective Order, such person may not divulge the Confidential Material to any other person. Absent compliance with these conditions, no disclosure shall be permitted, unless othdrwise ordered by the Court.

7. Notwithstanding anything contained in the foregoing paragraphs, Confidential Material may be provided to experts retained by counsel in connection with this action and anyone working with or for experts retained by counsel in connection with this action if necessary for such expert to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this action, provided that such expert receive a copy of this Stipulated Protective Order and agree in writing on behalf of said expert's firm and employees to be bound by it.

8. Confidential Material transferred to such an expert shall be returned to the attorney who retained the expert upon completion by such expert of the services he or she was

retained to provide in connection with this litigation, with no copies or recorded information obtained from such materials retained by the expert.

9. If another court or an administrative agency subpoenas or orders production of Confidential Material that a party has obtained under the terms of this Stipulated Protective Order, such party shall promptly notify all parties, including the Producing Party and Designating Party of the pendency of such subpoena or order.

10. Confidential Material transferred by an attorney to any permitted person as set forth in this Order, except the Court and its employees:

(a) must be returned to said attorney immediately upon termination of the use of or reference to the Confidential Material with no copy thereof or recorded information obtained from such Materials being retained by said person; and

(b) shall not be photocopied except as may be necessary for purposes of this Action.

11. Not later than thirty (30) days after the conclusion of this action including, without limitation, any appeals or the expiration of any time for appeal, counsel for each Receiving Party shall assemble and return to counsel for the Producing Party all Confidential Material (including all copies, extracts, abstracts, charts and summaries thereof).

12. The use of Confidential Material as evidence at trial shall be subject to such order of the Court as may, at the time, be reasonably necessary to preserve the confidentiality of the material involved.

13. Anything contained hereto to the contrary notwithstanding, the provisions of this Stipulated Protective Order shall not restrict a party in the use of its own Confidential Material nor shall it apply to any document or other discovery response which a party had in its possession

prior to its production by another party or witness or to any document which was turned over to a party in connection with any other action or from some other person which is public knowledge ("public knowledge" which in this Protective Order means information that is known to or accessible by the general public, it being understood that information known to a limited number of persons or entities outside the Producing Party but which is not known to or accessible by the general public is not public knowledge).

**Filing of Confidential Material**

14. All portions of transcripts of depositions, exhibits, answers to interrogatories, and other documents in this action that have been designated as or refer to any Confidential Material or any pleading, memorandum or other document referring to, reproducing or paraphrasing such Confidential Material to be filed with the Court ("Sealed Materials"), shall be filed under seal in sealed envelopes on which shall be endorsed the title of this action, an indication of the nature of the contents, and a statement substantially in the following form:

"CONFIDENTIAL - THIS ENVELOPE CONTAINS DOCUMENTS WHICH ARE FILED IN THIS CASE BY [NAME OF PARTY OR NON-PARTY], AND IS NOT TO BE OPENED, NOR ARE THE CONTENTS HEREOF TO BE DISPLAYED OR REVEALED, EXCEPT BY ORDER OF THE COURT."

15. Any party objecting to the continued restriction of public access to any document filed under seal shall give written notice of its objection to the other parties in this action. To the extent that a Receiving Party seeks to discontinue the restriction on public access to a document so filed despite the wish of another party that access to the document continue to be restricted, the objecting party shall file an application with the Court for a judicial determination as to whether good cause exists for discontinuing restricted access to the document and such objecting

party shall have the burden to establish that good cause exists for discontinuing restricted access.

16. The restrictions set forth in the preceding paragraph shall not apply to information which, at or prior to disclosure thereof in this action, was public knowledge or which, after disclosure in this litigation action become public knowledge otherwise than by act or omission of a party, its employees or agents in violation of this Stipulation and Order. A determination that information is public knowledge shall not be made unilaterally by any party without giving the other party reasonable notice of not less than ten (10) business days. If the other party disagrees that the information is public knowledge, the party asserting that the information is public knowledge may seek a ruling from the court and shall have the burden of establishing that the information is public knowledge.

17. Any documents filed under seal with the Court subject to this Order will be subject to the provision of Local Rule 83-13.05(A)(1) and (2).

**Procedure for Objection to Designation of Confidential Information**

18. This Stipulated Protective Order and any designation of confidentiality shall be without prejudice to any party to challenge any designation of Confidential Material.

(a) If any party objects to a designation of confidentiality made by any other party, the objecting party must notify the designating party of its objection in writing.

(b) The parties shall attempt to resolve such disputes on an informal basis before presenting the dispute to the Court by motion or otherwise.

(c) If the parties cannot resolve the issue, either side may present the dispute to the Court for resolution by motion or otherwise. On a hearing before the Court concerning such question, the party asserting confidentiality shall have the burden to establish that the Material is confidential and should be protected by the Stipulated Protective Order.

(d)   Until a determination by the Court, materials designated either Confidential Material shall be treated as such, and shall remain subject to the terms of this Stipulation and Order.

(e)   Failure to challenge a claim of confidentially shall not constitute wavier of such challenges subsequently raised.

**Continuation of This Order**

19.   The provisions of this Order shall, absent further order of the Court, continue to be binding throughout and after the conclusion of this action, including, without limitation, any appeals. The final determination or settlement of this action shall not relieve any person who has received Confidential Material from the obligations imposed by this Stipulation and Order, and the Court shall retain jurisdiction after such final determination or settlement for the limited purpose of enforcing the provisions of this Stipulation and Order.

20.   This Stipulation and Order may be amended by agreement of counsel for the parties, subject to approval of the Court, provided that any amendment is in the form of a stipulation that shall be filed and made part of the record.

21.   This Stipulation and Order shall be without prejudice to the right of any party to apply to the Court for a modification of this Order or such further protective order as justice may require.

So Ordered: *Jean C. Hamilton*

Dated:   3/3/08

SUMMERS, COMPTON, WELLS & HAMBURG
PROFESSIONAL CORPORATION

/s/
JILL R. REMBUSCH                #98117
8909 Ladue Road
St. Louis, MO 63124
(314) 991-4999
(314) 991-2413 (Fax)
Attorneys for Plaintiff